No. 23-1781

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

SACRED HEART OF JESUS PARISH, GRAND RAPIDS; JERRY HATLEY; ROBIN HATLEY; JOSEPH BOUTELL; RENEE BOUTELL; PETER UGOLINI; KATIE UGOLINI,

*Plaintiffs-Appellants,*

v.

DANA NESSEL, in her official capacity as Attorney General of Michigan; JOHN E. JOHNSON, JR., in his official capacity as Executive Director of the Michigan Department of Civil Rights; et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Michigan
Case No. 1:22-cv-01214

## APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT THE APPELLATE RECORD OR TAKE JUDICIAL NOTICE

David A. Cortman
Ryan J. Tucker
Katherine L. Anderson
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
dcortman@ADFlegal.org
rtucker@ADFlegal.org
kanderson@ADFlegal.org

Cody S. Barnett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cbarnett@ADFlegal.org

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

*Counsel for Plaintiffs-Appellants*

Appellants Sacred Heart and Parents Jerry and Robin Hatley, Joseph and Renee Boutell, and Peter and Katie Ugolini move the Court to supplement the appellate record with or take judicial notice of evidence that bolsters its standing. Appellees (Michigan) do not consent to this motion.

Sacred Heart operates a classical Catholic pre-kindergarten through twelfth-grade school, the only of its kind in the region. Parents have several children that attend Sacred Heart precisely because it seeks to cultivate a holistic Catholic community. Opening Br. 1, 5–10. Both Sacred Heart and Parents challenged the Elliott-Larsen Civil Rights Act (ELCRA) and Michigan's public-accommodations law because Michigan interprets these laws to compel the school to hire employees who don't share its faith, retain students who do not conform to Catholic doctrine, use pronouns that violate the school's beliefs, and allow students to play on sports teams, wear uniforms, and use restrooms inconsistent with their sex. *Id.* at 22–32. Michigan argued the school lacked standing because it had not previously prosecuted similar entities. Reply Br. in Supp. of Mot. to Dismiss, R.32, PageID#764. The district court agreed, holding that because Sacred Heart could not show prosecution specifically of "church[es] or … religious school[s]," it had no credible fear of enforcement. Order, R.44, PageID#954. The district court dismissed the case.

The proffered evidence consists of newly discovered complaints of gender-identity discrimination filed under the Act against a religious healthcare provider and a salon. This evidence bolsters Sacred Heart's standing because it shows that Michigan receives complaints against religious organizations and zealously investigates them.

The Supreme Court has "strongly suggest[ed]" that "parties litigating" before it "take pains to supplement the record in any manner necessary to enable [it] to address with as much precision as possible any question of standing that may be raised." *Pennell v. City of San Jose*, 485 U.S. 1, 8 (1988). That ability derives from appellate courts' inherent equitable authority to supplement the record on appeal. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020) (recognizing this Court's authority to "permit an expansion of the record under equitable principles"). Exercising that authority, this Court and others allow supplemental evidence on appeal when that evidence contains facts relevant to jurisdiction. *E.g., Davis v. Colerain Twp.*, 51 F.4th 164, 176 (6th Cir. 2022) (considering new rule change for first time on appeal); *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1270–71 (6th Cir. 1985) (granting motion to supplement record on appeal and considering new contractual agreement); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, No. 22-15827, 2023 WL 5946036, at *12 n.7 (9th Cir. Sept. 13, 2023) (en banc) (granting motion to supplement record on appeal to address question of mootness).

To decide whether to allow supplementation, this Court considers: (1) the date the proponent discovered the evidence; (2) "whether proper resolution of the case [is] beyond any dispute"; (3) justice and efficiency; and (4) whether the opposing party knew about the evidence. *See United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005) (relying on *Dickerson v. Alabama*, 667 F.2d 1364, 1367–68 (11th Cir. 1982)); *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 477 (6th Cir. 2008) (rejecting motion in part because proponent "offered essentially no explanation for the delay"). The records Sacred Heart seeks to include on appeal meet these four factors.

First, Michigan just disclosed this information on October 9, 2023. Hoff. Decl. in Supp. of Mot. to Supp. (Hoff. Decl.) ¶ 3. The district court dismissed Sacred Heart's case on August 22, 2023. Order, R.44, PageID#961. Sacred Heart could not have presented this evidence below.

Second, though Sacred Heart doesn't need the evidence to establish standing, it shows "beyond any dispute" that the Catholic school has standing. *Murdock*, 398 F.3d at 500. For the reasons articulated in their opening brief, Sacred Heart and Parents have standing. Opening Br. 22–53. The complaints against Emmaus Health and the salon further confirm that standing. *See Teamsters Loc. Union No. 117 v. Wash. Dep't of Corr.*, 789 F.3d 979, 986 (9th Cir. 2015) (allowing party to supplement record on appeal "to satisfy the threshold requirement of standing");

*Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170–71 (11th Cir. 2006) (similar).

Like Sacred Heart, Emmaus Health is a religious organization. *See* Hoff. Decl. Ex. 2. A complainant filed a gender-identity discrimination complaint against Emmaus Health based on a dispute over medication. *Id.* Meanwhile, Michigan has received at least 12 complaints of gender-identity discrimination against the salon. Hoff. Decl. Ex. 3. Those complaints appear to be based solely on a Facebook post the salon's owner published, not an actual denial of service. Mike Stunson, *Owner Bans some LGTBQ Customers from Michigan Hair Salon over Pronouns. 'Not Welcome'*, The Kansas City Star (July 11, 2023), https://rb.gy/ww56r. This confirms that the Act has "attribute[s]" that make "enforcement easier or more likely." Opening Br. 41–43 (quoting *McKay v. Federspiel*, 823 F.3d 862, 869 (6th Cir. 2016)). If a single post can lead to 12 complaints, the evidence also shows that Sacred Heart's decision to censor its speech and limit other activities to avoid possible prosecution is objectively reasonable. *Id.* at 34–36.

Third, including this evidence in the appellate record promotes justice and judicial efficiency. The case this Court relied on to develop these factors—*Dickerson*—held that it "would be contrary to both the interests of justice and the efficient use of judicial resources" to remand the case "for the sole purpose of allowing the district court to review the several additional significant facts contained in the transcript." 667 F.2d

at 1367. The same logic applies here. Michigan can neither dispute the authenticity of these documents nor dispute that they exist. So this Court can assess those documents in the first instance.

Finally, Michigan "cannot in good faith contend that they were without notice of the existence of" these documents. *Id.* at 1368. After all, the State produced the records, and it is the State that is responsible for investigating and resolving these complaints.

Alternatively, this Court could judicially notice the records. Judicial notice may be taken "at any stage of the proceeding," including "on appeal." Fed. R. Evid. 201(d) and advisory committee's note to subdivision (f). Michigan produced the aforementioned documents in response to a Freedom of Information Act request. Hoff Decl. ¶¶ 2–6. Those documents include a complaint filed with Michigan and email exchanges by Michigan's employees. The existence of the complaint "cannot reasonably be questioned." Fed. R. Evid. 201(b); *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 863 (N.D. Ohio 2013) (judicially noticing similar records). Nor can Michigan's own employees' statements.

In sum, either the factors weigh decisively in favor of supplementing the record on appeal with this evidence, or the evidence is judicially noticeable. Of course, Sacred Heart and Parents have standing even without these documents. Opening Br. 25–52. But this evidence bolsters that conclusion and should be considered here.

Dated: November 15, 2023

        Respectfully submitted,

        */s/ Cody S. Barnett*
        Cody S. Barnett
        ALLIANCE DEFENDING FREEDOM
        44180 Riverside Pkwy
        Lansdowne, VA 20176
        (571) 707-4655
        cbarnett@ADFlegal.org

## RULE 32(G)(1) CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,165 words, excluding parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: November 15, 2023

*/s/ Cody S. Barnett*
Cody S. Barnett

*Attorney for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>*/s/ Cody S. Barnett*</u><br>
Cody S. Barnett

*Attorney for Plaintiffs-Appellants*