

April 3, 2024

**VIA CM/ECF**

Kelly L. Stephens, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

  **Re:**   ***Sacred Heart v. Nessel*, Case No. 23-1781**

Dear Ms. Stephens:

  Pursuant to Federal Rule of Appellate Procedure 28(j), I write to inform this Court of supplemental authority. In *Kareem v. Cuyahoga County Board of Elections*, 95 F.4th 1019, 2024 WL 1110208 (6th Cir. Mar. 14, 2024), this Court held that a voter had pre-enforcement standing to challenge election laws under the First Amendment. In doing so, the Court reversed a decision that "relied heavily on *McKay*," *id.* at *4, the case on which the district court similarly relied heavily here. *Kareem* reiterated that the so-called *McKay* "factors are not exhaustive" and standing "must … be guided by certain general considerations that pre-enforcement challenges raise in the First Amendment context." *Id.* at *3. "[T]he rationale for pre-enforcement challenges applies with *particular force* to the First Amendment." *Id.* (emphasis added).

  This case resembles *Kareem*. Like Ms. Kareem, Sacred Heart has demonstrated "a law that punishes" the school's constitutional activity with investigation and fines; "repeated statements by Defendants that" the constitutional activity in question "is illegal;" "no evidence that Defendants have publicly disavowed" enforcement; and "at least one past instance in which the [State] has" enforced the law against the constitutional activity. *Id.* at *6. Because that was "sufficient to establish an injury in fact" "at the summary judgment stage" in *Kareem*, it more than qualifies at the motion-to-dismiss stage here. *Id.*

  And unlike the "flexible" administrative process at issue in *McKay*, *id.* at *5, Sacred Heart here challenges civil and criminal statutes that the State has repeatedly enforced against similar entities who engage in comparable constitutional activity. More, unlike a binary exemption that can be obtained on the front end, Michigan expects Sacred Heart to go through a lengthy and onerous investigatory

1

process in the hopes it *might* obtain a religious exemption on the backend—an exemption that the State has never before granted in circumstances like those here.

In sum, Sacred Heart's "pre-enforcement challenge is particularly appropriate" because Michigan's laws force it "to forego constitutionally protected expression" and threaten its other First Amendment freedoms. *Id.* at *6. The ministry "should have [its] day in court." *Id.* at *7.

Sincerely,

*s/ Cody S. Barnett*

Cody S. Barnett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cbarnett@adflegal.org

*Attorney for Appellants*

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>*s/ Cody S. Barnett*</u>
Cody S. Barnett
*Attorney for Appellants*