STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**DANA NESSEL**
ATTORNEY GENERAL

April 9, 2024
*Via CM/ECF*

Kelly L. Stephens, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

Re: *Sacred Heart of Jesus Parish, et. al v. Nessel, et al.*
Sixth Circuit Court of Appeals No. 23-1781

Dear Ms. Stephens:

Pursuant to Rule 28(j), Appellees respond to Appellant's April 3, 2024, citation of supplemental authority. (Doc. 52.)

*Kareem v. Cuyahoga Cnty. Bd. Of Elections,* 2024 U.S. App. LEXIS 6130 (6th Cir. March 14, 2024), does not provide any new rule of law regarding the assessment of whether standing exists in a First Amendment pre-enforcement challenge relative to the *McKay* factors. In *Kareem,* this Court simply weighed and applied the *McKay* factors in a case that involved two Ohio criminal statutes that unambiguously proscribed the plaintiff's conduct (prohibiting the display of marked ballots), contained no "identifiable" First Amendment exemptions, and where enforcement was established because the defendants "repeatedly" advised the public that plaintiff's conduct was "clearly prohibited." *Id.* at *2, *6, *8–*11.

In *Kareem,* this Court noted that the *McKay* factors "are not exhaustive, nor must each be established" in a pre-enforcement standing challenge. *Id.* at *7. But opined that "[a]t the same time, this

Kelly L. Stephens, Clerk
Page 2
April 9, 2024


Court must be wary of permitting pre-enforcement suits based on 'subjective apprehension and a personal (self-imposed) unwillingness to communicate,' which lack the sufficiently adverse interests necessary to establish standing." *Id*. This opinion is not novel from the arguments already briefed in this matter.[1]

     For these reasons, Appellant's citation to the *Kareem* case does not advance its claim that the District Court erred in dismissing its case based on standing.

                      Sincerely,

                        /s/ *Kimberly K. Pendrick*
                        Kimberly K. Pendrick (P60348)
                        Assistant Attorney General
                        Civil Rights and Elections Division
                        (313)456-0060

---

[1] To the extent that Appellant rehashes arguments it has previously made, these issues have been thoroughly briefed by both sides and are not appropriate in a Federal Rule of Appellate Procedure 28(j) Letter citing supplemental authorities.